UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
J.R.J. ENTERPRISES, INC.

                          Plaintiff,

       -against-

M/V CAP ORTEGAL, her engines, boilers,
etc., and COMPANIA SUD AMERICANA
DE VAPORES, S.A,

                        Defendants.
-----------------------------------------X

07 CIV 6457 (LAP)

ANSWER WITH
AFFIRMATIVE
DEFENSES

       Defendant COMPANIA SUD AMERICANA DE VAPORES, S.A. (CSAV), by its attorneys, MAHONEY & KEANE, LLP, answering plaintiff's Complaint, alleges as follows:

       FIRST:    Defendant CSAV denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "FIRST" and "SECOND" of plaintiff's Complaint.

       SECOND:    Defendant CSAV denies each and every allegation contained in paragraphs "THIRD", "FOURTH" "FIFTH", "SIXTH, "SEVENTH", "EIGHTH", "NINTH", "TENTH", "ELEVENTH" and "TWELFTH" of plaintiff's Complaint.

  AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

       THIRD:    The Complaint fails to state a claim  against defendant CSAV upon which relief can be granted.

  AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

       FOURTH:    Defendant CSAV is not liable to  plaintiff on the cause of action alleged in the Complaint.

<u>AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

FIFTH:    If there was any loss and/or damage to cargo as alleged in the Complaint it was occasioned by causes for which defendant CSAV is exonerated pursuant to the United States Carriage of Goods by Sea Act, 46 U.S.C.A. § 1300 <u>et</u> <u>seq</u>., including but not limited to those set forth in § 1304(2)(a-q).

<u>AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

SIXTH:    If this Honorable Court finds that the plaintiff has suffered damages to cargo for which defendant is liable, said damages must be limited pursuant to 46  U.S.C.A. 1304 (5).

<u>AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

SEVENTH:    If there was any loss of and/or damage to cargo as alleged in the Complaint, defendant CSAV is not liable to the plaintiff by reasons of the provisions contained in the bill(s) of lading, contract of carriage, charter party, applicable tariffs, special contract, or dock receipt.

<u>AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

EIGHTH:    If there was any loss/and or damage to cargo as alleged in the Complaint, said loss/and or damage was occasioned by causes for which the defendant CSAV is exonerated under the Harter Act, 46 U.S.C.A. § 190 <u>et</u> <u>seq</u>.

<u>AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

NINTH:    Defendant CSAV puts plaintiff to plaintiff's proof of compliance with the provisions for giving of notice and the commencement of suit as provided in the aforesaid bill(s) of

2

lading and in the United States Carriage of Goods by Sea Act, 46 U.S.C. § 1936

AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TENTH:        Any loss or damage to the goods, as alleged in the Complaint, that may have occurred while said goods were in the possession of custody of defendant CSAV or on board the carrying vessel(s) arose from the conditions of the goods when delivered to defendants or from wastage in bulk weights or from inherent defect, quality or vice of the goods, or insufficient packing, insufficiency or inadequacy of marks, latent defects not discoverable by due diligence, or by acts or omissions of the shipper(s) or owner of the goods, their agent or representatives, and defendant CSAV is not under any liability for any such loss or damage.

AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

ELEVENTH:     (A) Due diligence was used to make the carrying vessel(s) seaworthy and to secure that they were properly manned, equipped and supplied, and to make the holds and other parts of the ships in which the goods were carried safe and fit for said goods' reception, carriage and preservation, in accordance with the provisions of the United States Carriage of Goods by Sea Act, 46 U.S.C. § 1936, and the aforesaid bill(s) of lading.

(B) Accordingly, if, while on board the carrying vessel(s), the goods sustained any loss or damage due to any unseaworthiness of the vessels, which is denied, defendant CSAV is not under liability therefore.

3

<u>AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWELFTH:   Plaintiff's claim is barred by the statute of limitations contained in both the aforesaid bill(s) of lading and the United States Carriage of Goods by Sea Act, 46 U.S.C. § 1936, and/or the Doctrine of Laches.

<u>AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

THIRTEENTH:   Any damages sustained by plaintiff, as alleged in the Complaint, were proximately, directly, and solely caused by the negligent acts of third parties over whom defendant CSAV had and has no direction or control.

<u>AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

FOURTEENTH:   Plaintiff knowingly and intentionally assumed any and all risks inherent in the shipment(s) of the goods at issue by sea, which is a complete bar to recovery.

<u>AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

FIFTEENTH:   Any injuries that may have been sustained by plaintiff, as alleged in plaintiff's Complaint, occurred as a direct result of plaintiff's own negligent conduct, and not by any negligence of defendant CSAV, and, as such, plaintiff is barred from recovery in this action.

<u>AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

SIXTEENTH:   Plaintiff is guilty of culpable conduct with regard to the events giving rise to the claims now asserted in plaintiff's Complaint, and plaintiff's recovery, if any, must be diminished in proportion to said culpable conduct.

AS AND FOR A FIFTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SEVENTEENTH:    Plaintiff has failed to mitigate plaintiff's damages.

AS AND FOR A SIXTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

EIGHTEENTH:    The herein forum is inconvenient, and the Complaint should be dismissed pursuant to the doctrine of *Forum Non Conveniens*.

AS AND FOR A SEVENTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

NINETEENTH:    The action, or part thereof, is founded upon improper venue and/or should be transferred pursuant to 28 U.S.C. § 1404.

AS AND FOR AN EIGHTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTIETH:    Plaintiff has failed to bring defendant CSAV within the personal jurisdiction of the Court.

AS AND FOR A NINETEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FIRST:    This Court lacks personal jurisdiction of the defendant CSAV.

AS AND FOR A TWENTIETH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-SECOND:    Plaintiff has failed to make proper service of process upon defendant CSAV.

AS AND FOR A TWENTY-FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-THIRD:    This Answer is made without waiver of any jurisdictional defenses or rights to arbitrate that may exist between the parties.

WHEREFORE, defendant COMPANIA SUD AMERICANA DE VAPORES

S.A. demands judgment dismissing the Complaint herein, and awarding CSAV costs, fees, including reasonable attorneys fees and disbursements of this action, and granting to CSAV such other and further relief as this Honorable Court may deem just and proper.

Dated:    New York, N.Y.
          August 20, 2007

                                        MAHONEY & KEANE, LLP
                                        Attorneys for defendant
                                        COMPANIA SUD AMERICANA DE VAPORES S.A.

                              By: _____
                                        Garth S. Wolfson (GW 7700)
                                        111 Broadway - 10th Floor
                                        New York, N.Y. 10006
                                        (212) 385-1422
                                        File # 42/3455/B/07/8

TO:    PURINGTON & McCONNELL
       Attorneys for Plaintiff
       82 Wall Street
       New York, New York   10005
       (212) 943-5757